**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID FURLONG,

       Plaintiff,

vs.                                          No. CIV 21-0803 JB/JHR

MANUEL GONZALES and BERNALILLO
COUNTY SHERIFF'S DEPARTMENT,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

**THIS MATTER** comes before the Court, under rule 41(b) of the Federal Rules of Civil Procedure, on the Plaintiff's Civil Complaint, August 20, 2021 (Doc. 1)("Complaint").  The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

At the time that he filed the Complaint, Plaintiff David Furlong was a pretrial detainee in federal custody at the Cibola County Correctional Center.  <u>See</u> Complaint at 4.  Furlong's filing consists of a handwritten Civil Complaint alleging that the Defendants, Manuel Gonzales and the Bernalillo County Sheriff's Office, are part of a government racketeering conspiracy because New Mexico elected officials have failed to post a surety bond with the New Mexico Secretary of State. <u>See</u> Complaint at 1.  Furlong contends that the failure to post a surety bond constitutes racketeering, major fraud, and treason.  <u>See</u> Complaint at 2.  Furlong seeks twenty million dollars in damages, including an escalation penalty under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), immediate seizure of Gonzales' personal assets, and forfeiture of those assets to Furlong.  <u>See</u> Complaint at 2-3.  He also seeks forfeiture of all Gonzales' subordinate deputies' assets, but he is willing to waive that demand if all subordinates resign and Gonzales settles this

case immediately.  See Complaint at 3.  He further seeks dismissal of the criminal charges against him and demands his immediate release, because the failure to post surety bonds divested the Defendants of jurisdiction to arrest him.  See Complaint at 3.

On August 24, 2021, the Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies. See Order to Cure Deficiencies, filed August 24, 2021 (Doc. 2)("Order to Cure").  The Order to Cure notified Furlong that the Complaint was not in proper form.  See Order to Cure at 1.  Although he does not identify expressly which constitutional rights he alleges the Defendants violated, Furlong's filing may be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983. A civil rights complaint under 42 U.S.C. § 1983 is the exclusive vehicle to seek damages for violations of substantive rights under the Constitution of the United States of America committed by State officers.  See Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(claims against state actors must be brought under 42 U.S.C. § 1983).  See Order to Cure at 1.  Magistrate Judge Ritter provided Furlong with the form and instructions for a prisoner civil rights complaint.  See Order to Cure at 2.  In addition, the Order to Cure notified Furlong that, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court must collect the federal filing fee from Furlong or authorize Furlong to proceed without prepayment of the fee.  See Order to Cure at 2.  Furlong did not pay the $402.00 filing fee or submit an application to proceed under § 1915. See Order to Cure at 2.  Magistrate Judge Ritter also sent Furlong the forms for submitting an application under § 1915.  See Order to Cure at 2.

Magistrate Judge Ritter's Order to Cure ordered Furlong to cure these deficiencies within thirty days either by paying the filing fee or by submitting an application to proceed in forma pauperis.  See Order to Cure at 2.  The Order to Cure advised Furlong that, if he fails to cure the

deficiencies within the thirty-day time period, the Court could dismiss this proceeding without further notice.  <u>See</u> Order to Cure at 2.  More than thirty days elapsed after entry of Magistrate Judge Ritter's Order to Cure, and Furlong did not pay the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Order to Cure.

Mail to Furlong, including the copy of the Magistrate Judge Ritter's Order to Cure Deficiencies mailed to Furlong at his address of record, was returned as undeliverable.  <u>See</u> Mail Returned as Undeliverable, filed August 31, 2021 (Doc. 3); Mail Returned as Undeliverable, filed September 13, 2021 (Doc. 4); Mail Returned as Undeliverable, filed November 24, 2021 (Doc. 6). Pro se litigants are required to follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules.  <u>See</u> <u>Bradenburg v. Beaman</u>, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  <u>See</u> D.N.M. LR-Civ. 83.6.  Furlong has not kept the Court apprised of his proper mailing address, and has not communicated or maintained any contact with the Court since he filed the Complaint on August 20, 2021.

Furlong has not complied with Magistrate Judge Ritter's Order to Cure, has not complied with statutory provisions, including 28 U.S.C. § 1915, has not complied with the local rules, and has not prosecuted this action.  The Court may dismiss this action under rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, comply with the Federal Rules of Civil Procedure or local rules, comply with statutes, and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41; <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  The Court, therefore, will dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with statutes, rules, Magistrate Judge Ritter's Order to Cure, and for failure to prosecute this proceeding.

**IT IS ORDERED** that the Plaintiff's Civil Complaint, filed August 24, 2021 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

David Furlong
Milan, New Mexico

    *Plaintiff pro se*